IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

A.A.,                                    *

    Petitioner,                          *

vs.                                      *

                                       CASE NO. 4:24-CV-191 (CDL)

WARDEN, STEWART DETENTION              *
CENTER, *et al.*,
                                         *
    Respondents.
                                         *

O R D E R

After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on February 13, 2026 is hereby approved, adopted, and made the Order of the Court to the following extent. The Court ADOPTS the Magistrate Judge's recommendation that Respondents' motion to dismiss (ECF No. 15) be granted as to Petitioner's claims regarding parole. *See* R&R 32-36 (Feb. 13, 2026), ECF No. 23. Petitioner did not object to this portion of the Recommendation.

The Court REJECTS the remainder of the Recommendation, remands the matter back to the Magistrate Judge for further consideration, and directs the Magistrate Judge to provide an amended Report and Recommendation that includes analysis of the issue described below. The Magistrate Judge recommends that the Court find that due process requires that Petitioner, in light of his prolonged detention, be provided with a bond hearing under the

Immigration and Nationality Act and its regulations. The Magistrate Judge recognized that the Immigration and Nationality Act and its regulations permit a detainee in Petitioner's situation to seek parole and that a detainee may request redetermination if a prior parole request was denied. The Magistrate Judge in fact concluded that Respondents followed those procedures in this case, giving Petitioner notice and an opportunity to be heard on his contention that he is entitled to release from custody pending removal proceedings (although Respondents ultimately denied his parole request). Thus, the Recommendation appears to recognize that the statutory framework provides a mechanism for someone in Petitioner's position to seek a hearing where he can make the case that he should be released from detention, albeit in the form of parole. The Court could not find in the Magistrate Judge's otherwise exceptionally thorough Recommendation, however, an explanation of why the opportunity for this hearing and potential parole relief does not satisfy due process even if the Petitioner is not provided the bond hearing the Magistrate judge recommends he should receive. The Court thus REMANDS this action for further consideration of why due process requires the bond hearing the Magistrate Judge recommends given the availability of the parole redetermination procedures, which Petitioner has exercised.

3

IT IS SO ORDERED, this 14th day of March, 2026.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

3